PRICE, Judge
(dissenting).
I must respectfully dissent from the view taken by the majority in this case.
The opinion of this Court recognizes that the decedent expressed his intent for the distribution of his estate with clarity in his last will and testament, dated February 5, 1963. How then can this clear intent of the decedent be disregarded by attributing a meaning to the use of the words “extra portion over and above her co-heirs” in the acts of donation which was never intended by the decedent. A reading of a portion of decedent’s testament, not quoted verbatim in the majority opinion, discloses that the decedent was concerned that the two plantations intended to be divided between his two heirs might have an unequal value and he did not desire either to pay any money to the other should the excess value exceed the legitimate portion. The portion of the testament referred to reads as follows:
“ * * * may be a difference in value which would favor my grand *389 daughter, MARY BELLE ROBINSON ZIMMERMAN, or my daughter, KATHRYN, but it is my request that they make the conveyance and exchange without the payment of any money one to the other. I know that joint ownership of property can create differences and it is my wish that the exchange and partition he carried out as soon as possible after my death, as herein set forth.”
The inclusion of this clause by decedent, designating the property donated as an extra portion over her co-heirs, was to prevent any possibility of collation by either heir should the property received by her have reached a value that would exceed her legitime. Decedent expressed in his testament that he did not know the actual values of the real estate to be divided between Mrs. Jones and Mrs. Zimmerman. As a factual matter the donation to Mrs. Zimmerman had a value at the time of decedent’s death of $70,000.00. Her le-gitime was calculated to be $86,913.75. Had it turned out that the real estate donated to Mrs. Zimmerman had appreciated in value to an extent that at the time of decedent’s death it exceeded her legitime, then the decedent, by using the pharse “the property herein donated is intended as an extra portion * * * over and above her co-heirs * * * ”, would have precluded any collation of the amount in excess of the legitimate portion.
The majority opinion correctly acknowledges the view of the French Courts on this question, but refused to be persuaded by these decisions. This refusal is based on the differences in the statutory or codal law of France from that of our Louisiana Code in regard to collation. I do not find that there is a sufficient variance to have caused the French Courts to have reached a different conclusion. Even though the Louisiana Civil Code has a number of articles on collation which have no counterpart in the French Code, I do not see how the addition of these articles to our Code has changed the fundamental concepts of forced heirship and collation. The majority opinion acknowledges that this issue has not previously been passed on by a Louisiana court of appellate jurisdiction.
Our courts have long recognized the wisdom of resorting to French law for guidance where there is a void in the law of this State.
In the Succession of Lissa, 198 La. 129, 3 So.2d 534 (1941), the Supreme Court of Louisiana stated:
“Thus it may be seen that while this court is not specifically instructed by the legislature to follow the jurisprudence found in Rome, Spain, and France on controversial questions before us for decision the first time, the settled principles of those countries are most persuasive assistants in the solution of problems presented under the provisions of our Civil Code which were either adopted from their laws or passed upon by their jurists.”
The majority is correct in holding that Articles 1231 et seq., are not in conflict with Article 1501. However, I cannot agree that because of Article 1233 the use of the phrase “an extra portion over and above her co-heirs” is equivalent to the requirement of Article 1501 that to impute the entirety of a donation to the disposable portion a donor must clearly indicate that it is intended that the disposition is intended to be over and above the legitimate portion. Articles 1231-1233 relate solely to collation. The principle of collation relates to equalization of shares. Article 1501 is contained in Chapter 3 of the Civil Code under the title “Of the Disposable Portion, and of Its Reduction in Case of Excess.” This article deals with the principle of imputation rather than collation.
There has been no attempt by the Executrix to collate, as no collation was necessary in the instant case.
The Executrix has simply attempted to carry out the intent of the decedent by imputing to the legitime of Mrs. Zimmerman *390 the value of the real estate received by her in the partition effected by the decedent among his heirs in advance of his death.
The declaration by the decedent that the donation was an extra portion over and above her co-heirs, was merely a dispense from collation.
Rehearing denied.
PRICE, J., dissents from refusal.